IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SHAKETA BARNES, | |
| Plaintiff, | |
| v. | Civil Action No. 11-CV-3355 AW |
| METROPOLITAN MANAGEMENT GROUP, L.L.C., | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff Shaketa Barnes brings this action against Defendant Metropolitan Management Group, L.L.C. Plaintiff asserts claims for sexual harassment, disability discrimination, and retaliation. Pending before the Court are (1) Defendant's Motion to Dismiss and (2) Plaintiff's Motion to Amend. The Court has reviewed the entire record and deems no hearing necessary. For the reasons that follow, the Court (1) **DENIES** Defendant's Motion to Dismiss and (2) **GRANTS** Plaintiff's Motion to Amend.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court derives the following factual recitation from Plaintiff's Amended Complaint. Doc. No. 8-1. In September 2009, Plaintiff started working for Defendant as a "Maintenance Technician." *Id.* ¶ 6. Allegedly, shortly thereafter, Kent Fier started harassing Plaintiff. For instance, Plaintiff alleges that Fier told her that he thought she was "sexy" and made comments about her "butt," "breasts," and "chest." *Id.* ¶ 7. Plaintiff alleges that Fier was her "supervisor," and that he made the above remarks on a constant basis over a six-month period. *See id.* During

1

this period, Fier allegedly "monitored" and "watched" Plaintiff, which included keeping a "creepy" daily log of her activities. *See id.* ¶¶ 7–9. Plaintiff also alleges that she complained to Fier's supervisors about this conduct, including an April 12, 2010 complaint to Defendant's president. *Id.* ¶¶ 8–10. According to Plaintiff, Defendant took no corrective action in response to her complaints.

On April 25, 2010, Plaintiff alleges that she sustained a "lower limbaric back sprain" and that, due to this injury, Defendant placed her on disability the following day. *Id.* ¶¶ 11–12. Plaintiff alleges that the injury "substantially limited [her] ability to lift, carry, sit, or stand . . . because she was unable to lift or carry more than 25 lbs and because she could not sit or stand for long periods of time." *Id.* ¶ 11.

On June 1, 2010, Andre Rae told Plaintiff that she could return to work. Plaintiff does not allege that her back injury affected her any time after she returned to work. On June 9, 2010, Defendant terminated Plaintiff. According to Plaintiff, Rae told her that Defendant terminated her because "she was a liability to the company." *Id.*

On November 21, 2011, after receiving a notice of right to sue letter from the EEOC, Plaintiff filed the instant lawsuit. Doc. No. 1. The Complaint asserts claims for sexual harassment, disability discrimination, and retaliation. Defendant filed its Motion to Dismiss on January 6, 2012. Doc. No. 3. In late January 2012, Plaintiff filed a Motion to Amend. Doc. No. 8. In her Motion to Amend, Plaintiff seeks to file an Amended Complaint. Doc. No. 8-1. Defendant opposes the Motion to Amend on the ground that it is futile.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the

U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002). To require otherwise would essentially create a "heightened pleading standard" under which a plaintiff without direct evidence of discrimination would need to plead a prima facie case even though she might uncover direct evidence during discovery. *Id.* at 511–12. This would create the "incongruous" result of requiring a plaintiff "to plead more facts than [s]he may ultimately need to prove to succeed on

the merits if direct evidence of discrimination is discovered." *Id.* Furthermore, before discovery, "it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Id.* at 512; *see also Twombly*, 550 U.S. at 569–70 (explaining that *Swierkiewicz* is consistent with *Twombly*'s facial plausibility standard).

### III.    LEGAL ANALYSIS

#### A.    Motion to Amend

The Court summarily grants Plaintiff's Motion to Amend and accepts as filed Plaintiff's Amended Complaint. The Amended Complaint is a more detailed variant of her Complaint. Moreover, contrary to Defendant's contentions, the Amended Complaint is not futile. Furthermore, Defendant has responded to the allegations the Amended Complaint in a joint reply in support of its Motion to Dismiss and opposition to Plaintiff's Motion to Amend. Doc. No. 9.

#### B.    Motion to Dismiss

##### 1.    *Count I—Sexual Harassment*

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To prevail on a sexual harassment claim under this provision, the plaintiff/employee must establish: (1) that the alleged harassment was unwelcome; (2) that the alleged harassment was based on gender; (3) that the alleged harassment was severe or pervasive; and (4) that there exists a basis for imputing liability to the employer. *See Matvia v. Bald Head Siland Mgmt., Inc.*, 259 F.3d 261, 266 (4th Cir. 2001) (citation omitted).

In this case, Plaintiff states a cognizable sexual harassment claim. As to prong 1, Plaintiff sufficiently states that Fier's alleged harassment was unwelcome. Under prong 2, Plaintiff suitably asserts that the alleged harassment was based on her gender. The Amended Complaint

states that Fier told Plaintiff he thought she was "sexy" and made comments about her "butt," "breasts," and "chest." Concerning prong 3, Plaintiff satisfactorily states that the alleged harassment was severe or pervasive. Construed in the most favorable light, the Amended Complaint asserts that Fier made the above remarks on a constant basis over a six-month period. As regards prong 4, the Amended Complaint explicitly states that Fier was Plaintiff's "supervisor," kept a daily log of her activities, and monitored her for at least a half-year period. Therefore, it is plausible that Fier had immediate authority over Plaintiff, in addition to creating the allegedly hostile work environment. *Cf. Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)). Accordingly, Plaintiff has stated a cognizable sexual harassment claim.

   2.   *Count II—Disability Discrimination (Perceived Disability)*

Pertinently, the ADAAA provides that disability means being "regarded as" having an impairment that substantially limits at least one major life activity. *See* 42 U.S.C. § 12102(1). An employee may satisfy this definition by showing that her employer subjected her to discrimination "because of a . . . **perceived** . . . impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A) (emphasis added). The definition for perceived disability does not apply to "impairments that are transitory and minor." *Id.* § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.*

In an ADAAA wrongful discharge case based on perceived disability, a plaintiff establishes a prima facie case if she demonstrates that (1) she is a qualified individual with a perceived disability; (2) she was discharged; (3) she was performing the job at a level that met her employer's legitimate expectations at the time of her discharge; and (4) that her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See*

*Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001) (citing *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio*, 53 F.3d 55, 58 (4th Cir. 1995)).

In this case, Plaintiff states a facially plausible perceived disability claim. Plaintiff alleges, and Defendant does not dispute, that Defendant placed Plaintiff on disability due to a "lower limbaric back sprain" that prevented her from working. Therefore, it is plausible that Defendant perceived Plaintiff as disabled. Plaintiff also adequately alleges the elements of a prima facie case. As to element 1, Defendant does not dispute that it placed Plaintiff on disability. Concerning element 2, Defendant does not dispute that it fired Plaintiff. As for element 3, Plaintiff alleges that she "had always done her job well and there was no other basis for her termination." Doc. No. 8-1 ¶ 11.

The Amended Complaint also sufficiently states that Defendant terminated Plaintiff under circumstances that raise a reasonable inference of discrimination. Plaintiff suffered her alleged injury on April 25, 2010, and Defendant terminated her approximately one-and-a-half months later. Although Defendant allowed Plaintiff to return to work approximately a week before firing her, Plaintiff alleges that Rae told her that she was fired because she was a "liability to the company." Construed in the most favorable light, coupled with the other allegations regarding her back injury, it is plausible that "liability" is code for her alleged disability.

Additionally, Plaintiff has adequately alleged that her impairment was greater than "minor" as required to state a claim for perceived disability under the ADAAA. Although Plaintiff managed to return to work, Plaintiff alleges, and Defendant has yet to dispute, that Plaintiff was capable of performing the essential duties of her job during her convalescence. *Cf.* 42 U.S.C. § 12102(2)(A) (defining major life activities to include working). Considering the ADAAA's remedial purposes, a physical impairment that allegedly prevents someone from

performing a major life activity for well over a month plausibly states that the condition is greater than minor. Accordingly, Plaintiff has stated a cognizable perceived disability discrimination claim.

   3.   *Count III—Retaliation*

To state a prima facie case of retaliation under Title VII, a plaintiff must establish: "(1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection exist[s] between the protected activity and the adverse employment action." *Tasciyan v. Med. Numerics*, 820 F. Supp.2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp.2d 610, 616–17 (D. Md. 2009)). "An employee may satisfy the first element by showing that she opposed a practice that Title VII prohibits." *Id.* (citing *Davis*, 639 F. Supp.2d at 617). "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Id.* (quoting *Davis*, 639 F. Supp.2d at 617). "For such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct [] she opposes constitutes unlawful discrimination under Title VII." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)). "Opposition almost always arises when an employee communicates to her employer her reasonable belief that the employer has engaged in discrimination." *Id.* (citing *Crawford v. Metro. Gov't of Nash. and Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)).

In this case, Plaintiff has stated a cognizable retaliation claim. Regarding the first element, Plaintiff alleges that she complained to Defendant about Fier's alleged harassment on April 12, 2010. Given the sexual remarks that Fier allegedly made, it is plausible that Plaintiff held a reasonable belief that Fier's conduct violated Title VII. As for the second element,

Defendant does not dispute that it fired Plaintiff. Apropos of element three, Plaintiff adequately alleges the existence of a causal connection between her complaint and her termination. Plaintiff lodged her complaint on April 12, 2010 and Defendant terminated her approximately two months later. This Court has held that temporal proximity of "two to two-and-a-half months" suffices to state a facially plausible claim for the causation element. *See Tasciyan*, 820 F. Supp.2d at 676 (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir.1989)). Granted, Plaintiff alleges that Defendant removed her from disability leave a week or so before it fired her, which arguably weighs against an inference of causation. However, Plaintiff alleges that Rae told her that she was terminated because she was a "liability" to the company. Construed in Plaintiff's favor, in conjunction with the other allegations, it is plausible that this remark alludes to Plaintiff's April 12, 2010 complaint of discrimination. *Cf. Jenkins v. Gaylord Entm't Co.*, Civil Action Nos. 8:11–cv–02869–AW, 10–00633–AW, 2012 WL 11001 (D. Md. Jan. 3, 2012) ("[P]laintiffs may state a prima facie case of causation by relying on evidence other than, or in addition to, temporal proximity where such evidence is probative of causation."). Accordingly, Plaintiff has stated a cognizable retaliation claim.

## IV. CONCLUSION

For the foregoing reasons, the Court (1) **DENIES** Defendant's Motion to Dismiss and (2) **GRANTS** Plaintiff's Motion to Amend. An Order consistent with this Memorandum Opinion will follow. Also, the Court will issue a Scheduling Order.

| April 27, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |